IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK LYON,

      Plaintiff,                   No. CIV S-11-2586 EFB P

    vs.

S. THACKER,

      Defendant.              <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.**    **Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

**III.     Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not state a cognizable claim and must be dismissed without leave to amend. Plaintiff alleges that Dr. S. Thacker, a psychologist under contract with the Board of Parole Hearings (BPH), conducted an assessment for the BPH of plaintiff's future risk for danger in the community if released on parole, without plaintiff's consent. He alleges that she used "undesignated psychological tests" and conducted an allegedly unauthorized review of plaintiff's medical and prison files, for the sole purpose of assessing his danger risk for the BPH. Plaintiff purports to be suing Dr. Thacker in both her official and individual capacities for violations of his right to due process. He seeks compensatory and punitive damages. He also seeks injunctive relief (a) ordering a new parole suitability hearing and precluding the BPH from relying on Dr. Thacker's danger assessment report, and (b) requiring the removal and/or redaction of Dr. Thacker's report from all prison and parole files. As discussed below, the allegations are insufficient to state a claim for monetary damages against Dr. Thacker in either her official or individual capacity. The allegations also fail to state a claim for injunctive relief.

The Eleventh Amendment bars plaintiff's claims for damages against Dr. Thacker in her official capacity. Claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting in their official capacities are persons under § 1983). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979).

Dr. Thacker is also immune from damages in her individual capacity. Parole board officials are entitled to absolute quasi-judicial immunity for decisions to "grant, deny, or revoke parole," which are "functionally comparable to tasks performed by judges." *Swift v. California*,

384 F.3d 1184, 1189 (9th Cir. 2004) (internal quotation marks omitted); *id.* at 1191 ("[A]n official who adjudicates parole decisions is entitled to quasi-judicial immunity for those decisions, and actions integral to those decisions."). Further, court appointed psychiatrists are immune from suit for damages for preparing pre-sentence medical reports for the court. *Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir. 1970) (per curiam), *cert. denied*, 403 U.S. 908 (1971). Here, Dr. Thacker was serving the BPH in a function virtually identical to a court-appointed psychiatrist. Finding "no material distinction between a psychologist performing an evaluation of a defendant at the direction of a judge, and a psychologist performing the same function at the direction of a parole board," the court concludes that Dr. Thacker has quasi-judicial immunity from damages liability. *See Von Staich v. Atwood*, 2011 U.S. Dist. LEXIS 83705, at *8-9 (C.D. Cal. Feb. 22, 2011).

Nor can Dr. Thacker provide plaintiff with the requested injunctive relief. Dr. Thacker cannot control whether or when plaintiff is scheduled for a parole hearing or what evidence the BPH considers at his parole hearings. Therefore, plaintiff fails to state a claim for injunctive relief against Dr. Thacker. Moreover, it would be futile to grant leave to amend this claim because a federal court's review of parole proceedings is limited to the narrow question of whether the prisoner received "fair procedures" that provide a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Swarthout v. Cooke*, 131 S. Ct. 859, 860 (2011). "[I]t is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863.

**III.    Order of Dismissal**

Because the deficiencies in plaintiff's claims cannot be cured by further amendment, the complaint is dismissed without leave to amend. *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A]

district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed without leave to amend for failure to state a claim upon which relief may be granted, and the Clerk is directed to close this case.

DATED: May 7, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE